Hughes, District Judge,
(after stating the facts as above.) The complaint, in setting out the first cause of action, omits several material facts in the case. It alleges only the contract to be conveyed by. a certain time, to *266 a certain place, for a certain sum of money paid; the motive of plaintiff for wishing to be conveyed; and the refusal of defendant to convey as desired. The defendant’s refusal to guaranty arrival by the required time; the plaintiff’s refusal to be conveyed except with such guaranty; the defendant’s proffer of the money in return, after the plaintiff’s refusal to be conveyed,—these latter facts cannot be considered in passing upon this demurrer, material as they are as elements in the transaction. The case presented by the demurrer, which admits only a part of the material facts, is not the one shown by the record, and is therefore little other than a moot case brought here for decision. The moot question is whether an action can be maintained which claims damages merely for an alleged “distress of mind, anxiety, mortification, and suspense,” resulting from the nonperformance of a contract, no personal injury and no pecuniary loss having been sustained or being pretended; the anxiety and suspense of mind being the result solely of a delay in starting on a visit to a dangerously ill relative. As was said by the court in Griffin v. Coker, 16 N.Y. 489, the damages recoverable in actions of this character “must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract; that is, they must be such as might naturally be expected to follow its violation, and they must be certain both in their nature and in respect to the cause from which they proceed.” To the same effect was the decision in Masterton v. Mayor, etc., 7 Hill, 61; and in Telegraph Co. v. Hall, 124 U. S. 444, 8 Sup. Ct. Rep. 577.
The complaint under consideration does not allege any pecuniary injury, such as the loss of an expected legacy, or of some advantage or thing of material value, as having resulted from plaintiff’s failure to start on his visit to the sick person as promptly as he desired. He claims the damages incident to the mental distress and discomfort merely from delay in his departure, not for the anxiety naturally felt for the condition of the sick relative. He was the subject of two mental pains,—one for the condition of the sick person; the other from delay at the railroad station,—the latter only being the subject of this action. It cannot be pretended that damages from the latter cause of “ anxiety ” and “ suspense”—uncertain, indefinite, undefinable, unascertainable, dependent so largely on the peculiar temperament of the person suffering the delay —was in the contemplation of the defendant when it entered into the alleged contract. It cannot be pretended that the defendant had in contemplation, in making the contract, the distinction between the plaintiff’s natural anxiety for the sick father and his nervous impatience and worry of mind from detention at the place of departure. Eagerness to start on a journey, impatience of delay, and trouble of mind wrought by detention at a railroad station, have never before now been made the sole ground of an action for damages, and are the sole ground of plaintiff’s claim for $5,000 damages in this suit.
The authorities are substantially agreed on the proposition that pain of mind, as distinct from bodily suffering, can be considered in actions for damages from injuries to the person, and for pecuniary loss and ex *267 pense or like causes, incident to such injuries. But we know of no decided case which holds that mental pain alone, unattended by injury to the person, caused by simple negligence, can sustain an action. It was-said in Lynch v. Knight, 9 H. L. 598, that “mental pain and anxiety the law cannot value and does not pretend to redress when the unlawful act complained of caused that alone.” We think there was no error in. the court below in sustaining the demurrer in this case, and in holding that, “ in an action for the breach of a contract, damages cannot be recovered for disappointment and mental suffering only, there being no allegation of any other damage.”
The complaint claims, as a second cause of action, the sum of $195, with interest from the 24th of April, 1890, till paid, and costs; the-principal sum being the amount paid by plaintiff for the hire of a special train from Laurens Court House to Columbia, for the purpose of making close connection with the train from Columbia to Marion Court House. The record shows that defendant was ready to perform the-service which it had engaged to perform, but that plaintiff refused to take-the special train that had been hired; the ground of declining to take it being the refusal of defendant to guaranty his arrival at Columbia by the required time. The defendant had the right to refuse to run a special train at an irregular hour, at a speed to insure its arrival at a specified time. Its right to withhold a guaranty to that effect being such as-legally and necessarily belongs to every railroad management, it followed, that, when the plaintiff refused to take the special train proffered by the defendant, without such guaranty, the latter was exonerated from the-performance of its obligation, and the plaintiff was without right in the-premises, except to a return of the money which he had paid for the-train.
The answer admits that the defendant declined to guaranty a connection in time; alleges" the plaintiff’s refusal to take the train; sets up a tender of the money in return, made at the time and before suit; and renews the tender in court, and proffers judgment for the principal sum;, all in accordance with the practice in the state courts of South Carolina. The tender having been admitted, there was no error in the instruction, of the court below to the jury to find for the plaintiff the sum of $195,, without interest or costs.
The judgment of the court below, therefore, is affirmed.