JESSE D. CARR LAND & LIVE STOCK CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1902.)

No. 734.

1. PUBLIC LANDS—LAND OFFICE—SUBSTITUTE FOR DESTROYED RECORDS—ADMISSION IN EVIDENCE—CERTIFICATE.

Where the records of a local land office are burned, and a book is prepared by the commissioner of the general land office as a substitute for the original tract book thus destroyed, and is transmitted by him in the regular course of his official duty to the register and receiver of the local office for use in disposing of the public lands in that district, the book is an official book, and is admissible in evidence as such, and does not have to be certified by the commissioner, as provided by Rev. St. §§ 891, 2469 [U. S. Comp. St. 1901, pp. 672, 1557], for admission in evidence of copies of records, books, or papers from his office.

2. SAME—EVIDENCE—TRACT BOOK.

The tract book of a local land office is prima facie evidence that the lands therein shown to be public lands are such.

Appeal from the Circuit Court of the United States for the District of Oregon.

Chickering & Gregory, J. C. Moreland, and C. A. Cogswell, for appellant.

John H. Hall, U. S. Atty.

Before GILBERT, Circuit Judge, and HAWLEY and DE HAVEN, District Judges.

DE HAVEN, District Judge. This suit was instituted by the United States, under the provisions of the act of February 25, 1885, entitled "An act to prevent unlawful occupancy of the public lands." 23 Stat. p. 321 [U. S. Comp. St. 1901, p. 1524]. · The bill of complaint alleges that defendant constructed and maintains a fence, which, with natural barriers, incloses about 84,335 acres of the public lands of the United States, situate in the states of Oregon and California, and particularly described, to which, when such inclosure was con-

structed, defendant had and "has no claim or color of title whatever, or any asserted right thereto, by or under any claim made in good faith with a view to entry thereof" under the laws of the United States. The bill was filed in the circuit court of the United States for the district of Oregon, and prays for an injunction and for a summary destruction of such fence. The defendant in its answer denies that "any inclosure made by the defendant incloses lands described in the bill of complaint or any portion thereof, or that said lands are the lands of the United States, or that this defendant has no claim or interest therein." The complainant introduced evidence at the trial in support of the allegations of the bill of complaint. The defendant declined to offer any evidence, and a decree was entered in favor of the United States for the relief prayed for in the bill. From this decree the defendant has appealed to this court.

1. The appellant insists that the evidence shows that the fence described in the bill formed, in connection with a division fence not referred to therein, two separate inclosures, one of which is wholly within the state of California; and it is claimed that the circuit court of Oregon had no jurisdiction to decree the destruction of that portion of the fence used in making the inclosure situate in California. In answer to this contention it will be sufficient to say that whether the land described in the bill was so fenced as to constitute two separate inclosures, or only one general inclosure, which for the convenience of appellant in separating stock was divided by a fence having gates and openings therein, was a question of fact; and we cannot say, from the evidence appearing in the record, that the court erred in finding that there was only one inclosure, which included all of the lands described in the bill.

2. The ground upon which the appellant most strongly relies for a reversal of the decree appealed from is that the court erred in refusing to strike out the evidence of the witness Brattain. This witness was register of the United States land office at Lakeview, Or., and he was the only person who testified that the land described in the complaint, situate in the state of Oregon, was vacant public land of the United States, and his testimony was based wholly upon knowledge derived from a book which he had before him at the time of giving his evidence. This book was a tract book in use in the United States land office at Lakeview, Or., and purported to show what portions of the land of the various townships named therein is public land of the United States. It appears that the records of the United States land office at Lakeview were destroyed by fire, and the book in question was subsequently prepared under the direction of the commissioner of the general land office as a substitute for the original tract book thus destroyed, and was transmitted by him in the regular course of his official duty to the register and receiver of the local land office for use in disposing of the public lands in that district. It is not disputed that duplicates of all entries made in the local land offices of the United States, and a copy of the record showing what action has been taken thereon at each office, are required to be forwarded to the general land office, and from such

data a duplicate of the original tract book in use in any local office can be made at any time. This particular book which the witness had before him was not, however, certified by the commissioner of the general land office to be a correct copy of any record or paper on file in his office, and upon this ground the appellant insists that the witness should not have been allowed to read therefrom. To support this contention appellant relies upon section 891 of the Revised Statutes [U. S. Comp. St. 1901, p. 672], which provides:

"Copies of any records, books, or papers in the general land office, authenticated by the seal and certified by the commissioner thereof, or, when his office is vacant, by the principal clerk, shall be evidence equally with the originals thereof. * * *"

And also upon section 2469 of the Revised Statutes [U. S. Comp. St. 1901, p. 1557], which is as follows:

"The commissioner of the general land office shall cause to be prepared, and shall certify, under the seal of the office, such copies of records, books, and papers on file in his office, as may be applied for, to be used in evidence in courts of justice."

. These sections do not in our opinion affect the question here presented. The book from which the witness testified, and which was in effect received in evidence, was in our opinion an official book, and admissible as such. As before stated, it was made under the direction of the commissioner of the general land office. That officer had before him all of the data necessary for its preparation, and it was his official duty to see that, as prepared, it was a true copy of the records of his office. The presumption is that this duty was properly performed, and it was not necessary for him to attach to the book a certificate of its correctness in order to justify its use by the officers of the local land office and make it admissible in evidence as an official book. Its character as such was sufficiently established by proof that it was in use as a tract book in the local land office, that it was made under the direction of the commissioner of the general land office, and had been transmitted by him to the register and receiver for their official use. Belk v. Meagher, 104 U. S. 279, 26 L. Ed. 735, sustains this conclusion. In that case, under the ruling of the trial court, a book used in the office of the county recorder was received in evidence for the purpose of proving the location of the mining claim, title to which was in controversy. It was urged in the supreme court that the book was not properly authenticated, and for that reason not admissible in evidence. In passing upon that question, the court said:

"It was one of the books of record kept in the proper office, and transmitted as such from one officer to another. The original recording appears to have been in a temporary book, and, at a very early date in the history of the county, transcribed by the deputy recorder, under the general supervision of his principal, into the book which has since been recognized as part of the public records of the office. It was sufficiently shown that the original book had been lost or destroyed. This we think enough to justify the use of the present book in its place. Having been recognized as part of the official records of the county almost from the time of the organization

of civil government in the territory, it would be dangerous to exclude it now without any proof of fraud or mistake."

It may be stated in conclusion that the book, being an official tract book, was prima facie evidence that the lands therein shown to be public lands were in fact such. Galt v. Galloway, 4 Pet. 332, 7 L. Ed. 876; Bly v. U. S., 4 Dill. 464, Fed. Cas. No. 1,581.

3. The appellant's motion to strike from the bill of costs the amount claimed by the appellee for mileage and fees of certain witnesses, who came from without the state and more than 100 miles from the place of trial, was properly denied. U. S. v. Sanborn (C. C.) 28 Fed. 299.

There is nothing in the record which entitles the appellant to a reversal or modification of the decree appealed from. Decree affirmed.