### WESTERVELT et al. v. LIBRARY BUREAU.

(Circuit Court of Appeals, First Circuit. November 13, 1902.)

#### No. 435.

1. EQUITY PLEADING—OVERRULING OF PLEA—RIGHT TO ANSWER UNDER RULES.
   Under the decisions of the supreme court, applying equity rule 34, although it is not in terms construed or explained, the rule applies to a defendant desiring to answer after an issue of fact, joined on a plea, has been determined against him.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

See 114 Fed. 487.

Thomas A. Connolly, for appellants.
Nathan Heard, for appellee.

Before PUTNAM, Circuit Judge, and BROWN and LOWELL, District Judges.

PUTNAM, J. This is a bill in equity, alleging an infringement of letters patent for an invention. The bill being in the common form, it was, of course, subject to an answer setting up the various usual defenses to such suits. The respondent, however, pleaded priority of invention by the person named in the plea. A replication was duly filed and an issue of fact was tried by the court, and decided in favor of the complainants. Thereupon the defendant filed an answer, setting up numerous defenses. The answer was filed without leave of court first obtained therefor. Thereupon the complainants moved that it be stricken from the files. This motion was overruled, and an order made that the "answer be allowed to stand pursuant to equity rules 33 and 34." Of course, the order had the same effect by retroaction as though the answer had been filed by special leave. Subsequently, the complainants, insisting that the court was not justified in its refusal to strike out the answer, failed to file any replica-

tion or to take other action, and the bill was thereupon dismissed, the dismissal being expressed as pursuant to equity rule 66. The complainants appealed to us.

According to the ordinary equity practice, after a plea to the merits is disproved on an issue of fact, the respondent can set up no further defense, and a decree will be made against him. Adams, Eq. (8th Ed.) *342. Of course, this does not deprive a complainant of his right to insist on an answer so far as he may desire to obtain discovery thereby. In view of the liberal rules by virtue of which equity ordinarily adjusts itself to meet unexpected contingencies, it may well be supposed that, even under the ordinary practice, and independently of any general orders, chancery might relieve a respondent, and permit him to answer, when justice shows clearly that such leave should be granted; although we find no instance thereof. However, it is not necessary to determine this particular proposition, because the practice in this respect, so far as the federal courts are concerned, is governed by the rules already referred to. Rule 33 provides that if, on an issue, a plea is determined for the defendant, it shall avail him only as far as in law and equity it ought to avail him. In this case the respondent set up what was a complete bar to the bill, and what would have entitled him to a decree if the issue had been decided in his favor. Rule 34, after making provision for costs, which we need not explain, directs that, "upon the overruling of any plea or demurrer, the defendant shall be assigned to answer the bill or so much thereof as is covered by the plea or demurrer."

In the strict language of equity practice, overruling a plea relates only to an overruling on the argument of a demurrer, or something else involving mere questions of law; while, if an issue of fact is made, the plea is ordinarily said to be sustained or disproved. Rule 34, as originally adopted in 1822, appeared as rule 20, 7 Wheat. x. Apparently, its only purpose then was to prohibit another plea, or a demurrer following a plea. It was re-enacted in 1842 (1 How. lii), and there brought into its present form.

1 Bates, Fed. Eq. Proc. 1901, p. 360, affirms that rule 33 has changed the practice of the federal courts from the old chancery practice; but this rule relates only to instances where the complainant has hazarded his case on an issue raised by a plea, and has lost. The author proceeds, at page 361, to discuss the effect of falsifying a plea, and he gives the English chancery practice without any reference to rule 34. In this connection he makes no reference to the decisions of the supreme court, which we must accept as decisive of the construction of this rule. Therefore we can give no weight to his discussion, so far as the question now before us is concerned.

It is true that rule 34 uses the expression "in point of law or fact" in connection with its first sentence, relative to costs; but we find in it nothing which clearly requires us to hold that it authorized one issue of fact to be tried after another. It, however, is capable of a broad construction; and, although we fail to find anything in any opinion of the supreme court in explanation of its purpose, or of the amendments made in 1842, yet we are compelled to accept the action

of that court in Farley v. Kittson, 120 U. S. 303, 318, 7 Sup. Ct. 534, 30 L. Ed. 684, and in Dalzell v. Manufacturing Co., 149 U. S. 315, 326, 327, 13 Sup. Ct. 886, 37 L. Ed. 749, as conclusively sustaining the order of the circuit court now appealed against.

The attempted explanations by the complainants of these decisions are in no way satisfactory; especially their suggestion that the judgments entered by the supreme court in the cases cited were so entered because, possibly, the complainants desired discovery, so that, therefore, they were entered on their request. Neither can the complainants derive any help from Kennedy v. Creswell, 101 U. S. 641, 25 L. Ed. 1075, which they urge on us so strongly, because that case originated in the courts of the District of Columbia, to which the equity rules of the supreme court do not apply. The discussion in that opinion is with reference to the ordinary equity practice, and without any allusion to rule 34. It is plain beyond argument that in the two cases above cited the supreme court, without hesitation, although, it is true, without explanation, interpreted rule 34 as the circuit court interpreted it.

The decree of the circuit court is affirmed, and the costs of appeal are awarded to the appellee.