### FLORENCE OIL & REFINING CO. v. FARRAR et al.

(Circuit Court of Appeals, Eighth Circuit.  November 18, 1902.)

#### No. 1,767.

1. DAMAGES—BREACH OF CONTRACT TO FURNISH MACHINERY.

   The measure of damages for the breach of a contract for furnishing machinery, boilers, or other personal property, which is accepted and put in use by the vendee in excusable ignorance that it fails to comply with the agreement, is the difference between its value as it would have been if it had complied with the contract and its value in its defective condition.

2. PRACTICE — VERDICT AND JUDGMENT LESS FAVORABLE THAN OFFER ERRONEOUS.

   Under section 281 of Mills' Annotated Code of Colorado, a judgment upon a verdict less favorable than an offer of judgment tendered by the defendant and rejected is erroneous.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

Thomas M. Patterson, Edmund F. Richardson, and Horace N. Hawkins, for plaintiff in error.

Henry T. Rogers, Lucius M. Cuthbert, Daniel B. Ellis, and Pierpont Fuller, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This was an action to recover the purchase price of certain boilers, engines, and personal property. The defense was that the vendors agreed that the boilers should be of the first and best quality of workmanship and material; that the defendant below, the Florence Oil & Refining Company, did not know and could not have ascertained that the boilers did not comply with the contract when it accepted them, but that, while they would have been reasonably worth their contract price if they had been of the promised character and quality, they were so inferior in material and workmanship that they were worth much less. The defendant further answered that on March 21, 1899, it offered to allow the plaintiffs to take judgment against it for the costs of the action and $2,269.62, which was the entire amount then due on the causes of action set forth in the complaint, but that the plaintiffs refused to accept this offer. At the trial the defendant offered to prove by a competent witness the reasonable value of the boilers actually delivered by

the plaintiffs, and that each of them was worth from $150 to $175 less than their contract price. The court rejected this testimony, and the defendant excepted. This was a plain error. The measure of damages for the breach of a contract for furnishing machinery, boilers, or other personal property, which is accepted and put in use by the vendee in excusable ignorance that it fails to comply with the agreement, is the difference between its value as it would have been if it had complied with the contract and its value in its defective condition. 2 Suth. Dam. § 699; Mack v. Sloteman (C. C.) 21 Fed. 109, 117; White v. McLaren, 151 Mass. 553, 557, 24 N. E. 911; Swain v. Schieffelin, 134 N. Y. 471, 473, 31 N. E. 1025, 18 L. R. A. 385. The case of Philip Schneider Brewing Co. v. American Ice Mach. Co., 77 Fed. 138, 23 C. C. A. 89, cited by counsel for the defendants in error, does not state the rule of law applicable to the measure of damages in this or any other case in which general damages are sought for the breach of a contract to furnish machinery or personal property. In that case an action was brought for the recovery of the purchase price of a complicated machine. The defendant pleaded that certain specific parts of this machine were defective, and sought to reduce the plaintiff's recovery on account of the specific defects it set forth. The court held the defendant to its pleading, and declared that, inasmuch as it had specified the particular parts of the complicated machine which were defective, its proof must be limited to the damages it sustained from the specified defects it pleaded. No specifications were made in the action at bar, and the damages which the defendant sought to offset against the price of the engines and personal property in this action consisted of the difference between the boilers as they actually were, and as they would have been if the contract had been fulfilled.

The statute of Colorado provides that where the defendant offers to allow judgment to be taken against him for a certain sum, and the plaintiff rejects the offer, and fails to obtain a more favorable judgment, he shall not recover costs, but shall pay the costs of the defendant from the date of the offer. Mills' Ann. Code Colo. § 281. The defendant in this case offered to allow judgment against it for $2,269.62 and costs on March 21, 1899, and this offer was rejected. On January 27, 1902, the plaintiffs recovered their verdict in this action for the sum of only $2,754.19. The legal rate of interest in Colorado is 8 per cent. per annum. The verdict and judgment which the plaintiffs have recovered are less favorable than the offer which was made by the defendant, because the amount of that offer, with interest thereon at the legal rate from the time it was made to the date of the verdict, exceeds the amount of the verdict. The verdict was therefore wrong, and the judgment is vulnerable upon this ground. Counsel for the defendant below (the plaintiff in error here) pray that the plaintiffs may be required to remit the excess above the amount of the offer, $2,269.62, or that the judgment be reversed. The errors to which reference has been made entitle them to this relief.

The judgment below is accordingly reversed, and the case is remanded to the circuit court, with instructions to render a judgment in favor of the plaintiffs for the sum of $2,269.62 and the plaintiffs'

costs to March 21, 1899, less the costs of the defendant in that court from March 21, 1899, to the entry of the judgment, in case the plaintiffs, within 60 days after the receipt of the mandate herein, remit the difference between this amount and the amount of the verdict and judgment already rendered, and that in case they fail to remit this difference the court grant a new trial of the action.