### MORRIS–TURNER LIVE STOCK CO. v. DIRECTOR GENERAL OF RAILROADS.

(District Court, D. Montana. June 9, 1920.)

No. 740.

1. **Costs ☞42(4)—Defendant entitled to costs on judgment less favorable than offer.**

Under Rev. Codes Mont. § 7137, which, not being inconsistent with federal law, governs in the federal courts in that state, where a plaintiff recovers less than the sum for which defendant offered to allow judgment, defendant is entitled to recover costs.

2. **Costs ☞185—Mileage of witnesses taxable beyond limits of subpœna.**

Mileage for witnesses held taxable beyond the limits of a subpœna.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Courts ☞357—"Law," as used in statute relating to costs, defined.**

The word "law," as used in Rev. St. § 983 (Comp. St. § 1624), providing that certain costs shall be taxed against the losing party where by law costs are recoverable in favor of the prevailing party, means the law administered in federal courts; that is, federal law, and also state law, in so far as the latter is not inconsistent with the former.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Law.]

At Law. Action by the Morris-Turner Live Stock Company against the Director General of Railroads. On taxation of costs.

Norris, Hurd & Rhoades, of Great Falls, Mont., for plaintiff.

W. L. Clift, of Great Falls, Mont., J. V. DeLaney, of Chicago, Ill., and I. Parker Veazey, Jr., of Great Falls, Mont., for defendant.

BOURQUIN, District Judge. [1] Subsequent to removal hither, defendant offered to allow judgment in specified sum, which plaintiff did not accept. The latter recovering less, defendant claims costs by virtue of section 7137, R. C. Montana, which provides therefor in such contingency. Plaintiff resists, and claims costs. No costs at common law; the statute of Gloucester first allowed them, and now would be common law in most states, save that it is generally superseded by statute.

The federal law of costs is fragmentary and indirect. Section 983, R. S. (Comp. St. § 1624), which is merely declaratory of the law aside from it, provides certain costs shall be taxed against the losing party "where by law costs are recoverable in favor of the prevailing party."

[3] The law therein referred to is the law administered in federal courts; that is, federal law, and also state law, in so far as the latter is not inconsistent with the former. The state law in the present contingency, awarding costs to defendant and denying them to plaintiff, is not inconsistent with federal law, and here controls. See Wilcox v. Richmond & D. R. Co., 52 Fed. 264, 3 C. C. A. 73, 17 L. R. A. 804; Florence, etc., Co. v. Farrar, 119 Fed. 150, 55 C. C. A. 656; U. S. v. Railway Co. (D. C.) 235 Fed. 954. The justice of the law is obvious.

[2] Although it is said that, in the conflict of authority, it is the rule of this circuit to allow mileage only to the limits of subpœna (U. S. v. Railway Co. [C. C.] 172 Fed. 912; U. S. v. Railway Co. [D. C.] 230 Fed. 271), the Circuit Court of Appeals has decided otherwise (Jesse, etc., Co. v. U. S., 118 Fed. 824, 55 C. C. A. 433). This was in 1902, and in 1904 the judges of that court and of this circuit adopted rule 70, which is in accord with the cases first cited. Later this court changed rule 70 to accord with the Jesse Case.

That the rule of said case is a hardship to litigants, the state law being otherwise, is clear, and is a reason additional to that mentioned in the Crnich Case (D. C.) 260 Fed. 1015, why federal jurisdiction is avoided, and removal hither resented. By removal, litigants should neither gain nor lose.

It is believed, however, that the Jesse Case controls until overruled, as it probably will be, and costs are taxed accordingly.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes