## Gruskin *v.* Stitt, Appellant.

138

Argued March 19, 1940.   Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Wade E. Heilman,* with him *Harry P. Boarts,* for appellant.

*E. O. Golden,* with him *H. A. Heilman,* for appellee.

OPINION BY MR. JUSTICE BARNES, May 20, 1940:

On November 9, 1937, about 5:30 o'clock p. m., plaintiff was driving an automobile in a northeastwardly direction on State Highway Route 128, near the Village of McGrann in Armstrong County. She approached a point where Route 128 forms a "Y" intersection with Route 66, a through highway running north and south. At the "stop" sign posted approximately seventy-five feet from the traffic line of Route 66, plaintiff stopped her car and looked in both directions for approaching traffic on the through highway, preparatory to making a left turn and proceeding northwardly thereon. She observed a vehicle approaching on Route 66 from the north at a distance estimated to be 350 feet. Conclud-

ing that she would have ample time to complete the left turn before the other vehicle reached the intersection, she started to cross to the northbound traffic lane of Route 66 at a speed of from 10 to 15 miles an hour.

Plaintiff testified that she had no recollection of what happened after she moved forward into the intersection, which is accounted for by the fact that she suffered a concussion of the brain as a result of the accident. The witness Faulx, who saw the accident, testified that plaintiff's car crossed the centre line of Route 66 and was "starting to straighten up" on "its own side" of the road, when a truck operated by defendant southwardly on the main highway, veered over the centre line to its left and struck the front of plaintiff's car. He stated that the truck was driven directly into the path of the oncoming vehicle.

In addition to a concussion of the brain plaintiff sustained other serious injuries. She remained in the hospital for a month and was unable to resume her occupation as school teacher for over three months following the collision. The medical testimony shows that she has not yet recovered from the effects of her injuries. The case was submitted to the jury, which returned a verdict of $5,000 in her favor. The court below refused defendant's motions for judgment non obstante veredicto and for a new trial, and from the judgment entered the defendant has appealed.

Defendant contends that plaintiff's testimony convicts her of contributory negligence as a matter of law because it shows that, although she observed defendant's truck approaching before she entered the through highway, she failed in her duty to continue to look as she made the left turn. This contention must fail because it is based upon an inference unwarranted by the evidence. The mere fact that plaintiff was unable to recollect her actions as she advanced upon the crossing from the "stop" sign would not justify a conclusion by the jury that she neglected to keep a watchful eye upon

the oncoming vehicle. This is particularly true since the absence of such testimony on her part is attributable to the injury which she received in the accident. It is just as reasonable to presume from her testimony concerning the manner in which she approached the intersection, that she did perform the duty which the law imposed upon her.

Although it was plaintiff's duty to yield the right of way to traffic upon the main highway (The Vehicle Code of May 1, 1929, P. L. 905, Section 1014 [c] ; Act of June 22, 1931, P. L. 751, 797), the question was for the jury whether she exercised proper care under all the circumstances in attempting to make a left turn after seeing defendant's truck in the distance. See *Steckler v. Luty,* 316 Pa. 440; *Bowers v. Gaglione,* 322 Pa. 329. The fact that plaintiff reached the northbound traffic lane of Route 66 before she was struck is evidence that she was not negligent in venturing forward into the intersection, and that her measurement of time and distance was not at fault. According to plaintiff's testimony, when she entered upon the paved portion of Route 66 defendant's truck was at a distance computed to be 350 feet away, while it was only 10 feet to the northbound traffic lane of the highway. Under such circumstances it seems to us that she would be justified in believing that she could cross the intersection ahead of the approaching vehicle without danger of a collision.

Defendant complains of the admission of testimony as to the speed of his truck which was given by a mechanic upon the basis of his examination of photographs showing the damage sustained by the two vehicles in the collision. In view of the fact that there was other evidence of defendant's negligence sufficient to justify the verdict of the jury, we are all agreed that the admission of this testimony, though it may have been improper, was at most harmless error and does not constitute grounds for reversal.

We find no merit in defendant's objection that the trial judge failed to call to the attention of the jury certain statements made by the witness Faulx at a previous hearing, which are alleged to be inconsistent with his testimony in this case. This omission was not pointed out by counsel at the conclusion of the charge, and since it was not fundamental error, it affords no ground for reversal. "A party may not sit silent and take his chances of a verdict, and then if it is adverse complain of a matter which if an error would have been immediately rectified and made harmless": *Tropical Paint & Oil Co. v. Sharon Bldg. Co.*, 313 Pa. 51, 52.

The plaintiff sustained serious injuries, and according to the medical testimony, she has not fully recovered from their effects. Her expenses and loss of wages amounted to $952. In view thereof we cannot say that the verdict was excessive, or that there was an abuse of discretion on the part of the court below in permitting it to stand. See *Giannone v. Reale,* 333 Pa. 21, 25.

From our examination of the whole record we are satisfied that the case was properly tried, and that the verdict of the jury should not be disturbed.

Judgment affirmed.