McCREA v. NONWEILER (McCREA, Third-
Party Defendant).

SAME v. NONWEILER.
Civil Actions Nos. 1676, 1677.

District Court, W. D. Pennsylvania.
Feb. 23, 1943.

See also 58 F.Supp. 80; 58 F.Supp. 81.

G. W. Smith and Campbell, Wick, Houch & Thomas, all of Pittsburgh, Pa., for plaintiff W. H. McCrea, Jr.

H. E. McCamey and Dickie, Robinson & McCamey, all of Pittsburgh, Pa., for defendant and third-party plaintiff.

Alan D. Reister, of Pittsburgh, Pa., for third-party defendant Jno. McCrea.

SCHOONMAKER, District Judge.

These two cases were tried together. They grew out of the same accident. An automobile driven by plaintiff John McCrea, proceeding west on the Lincoln Highway (Route 30), was involved in a collision with an automobile driven by defendant Nonweiler in a southerly direction on Route 981 at the intersection of these two highways in Unity Township, Westmoreland County, Pennsylvania. Route 30 is a through highway, protected by a stop sign on Route 981 near its intersection with Route 30. The plaintiff, W. H. McCrea, Jr., was a passenger in the automobile driven by plaintiff John McCrea. The trial of these cases resulted in verdict at No. 1676 Civil Action in favor of W. H. McCrea, Jr., against Nonweiler in the sum of $4650, and at No. 1677 Civil Action, in a verdict in favor of John McCrea against Nonweiler in the sum of $900.

The defendant has moved for a judgment non obstante veredicto, or in lieu thereof, for a new trial.

On the argument of these two motions, defendant's counsel urged that plaintiff John McCrea was guilty of contributory negligence as a matter of law, and that therefore we should enter judgment against him n. o. v., and grant a new trial in the Wm. H. McCrea, Jr., case, because in that situation he would be liable for one-half of any damages W. H. McCrea would be entitled to recover.

 After a review of the evidence, we cannot say as a matter of law that plaintiff John McCrea was guilty of contributory negligence; and our conclusion is that the case was properly submitted to the jury.

The testimony was that he was traveling on Route 30 at forty to forty-five miles per hour as he approached the intersection with Route 981; that defendant Nonweiler was traveling on Route 981 approaching the intersection fifty-five to sixty miles per hour; and that he did not stop before entering the intersection. John McCrea testified that he looked to his right at the point where the intersection sign was located on Route 30 (426 feet from the intersection), and that he continued to look to the right until he could see past the Mission Inn Filling Station (located near the intersection), which would be somewhere between 113 and 200 feet from the intersection; that he then looked to the left, and then straight ahead; and that he did not see defendant's car till almost the instant of the collision.

On this evidence, we cannot convict the plaintiff John McCrea of contributory negligence as a matter of law, nor find that there was an arbitrary exercise of his right of way at the intersection over cars approaching the intersection on Route 981. We have here a case where there is doubt as to the inferences to be drawn from the facts, and where the degree of care varies with the circumstances. The question of negligence is for the jury. See Rhinehart v. Jordan, 313 Pa. 197, 169 A. 151; Gruskin v. Stitt, 339 Pa. 137, 13 A.2d 412; Rankin v. Boyle, 328 Pa. 284, 195 A. 36.

 The defendant also urges that in the W. H. McCrea, Jr., case we erred in admitting testimony of Dr. A. R. Megahan as to the reasonable value of the services of Dr. Temple Fay. We find no error in admitting that testimony.

The motions in both cases for judgment non obstante veredicto and for a new trial will be denied. Orders may be submitted accordingly on notice to opposing counsel.