**DEMPSEY v. HARTLEY (Wyttenbach, Third Party Defendant).**
**Civ. A. No. 9429.**

United States District Court
E. D. Pennsylvania.
Jan. 3, 1951.

George E. Beechwood, (of Conlen, La-Brum & Beechwood), Philadelphia, Pa., for plaintiff.

Howard R. Detweiler, Frank R. Ambler, Philadelphia, Pa., for defendant and third party plaintiff.

Lynn L. Detweiler, (of Swartz, Campbell & Henry), Philadelphia, Pa., for third party defendant.

FOLLMER, Judge.

This was a civil action for damages arising out of a collision between two automobiles operated by the defendant Hartley, and the third party defendant Wyttenbach, resulting in bodily injury to the plaintiff who was a passenger in the automobile of the third party defendant. The case was tried to a jury resulting in a verdict for the plaintiff in the sum of $5,000. It was conceded that the plaintiff was free of negligence. Both drivers were found negligent.

Judgment having been entered in favor of the plaintiff on the verdict aforesaid, the court directed the entry of judgment in favor of the third party plaintiff, Hartley, and against the third party defendant, Wyttenbach, in the sum of $2,500.

The defendant has moved for a new trial on the ground of error in the admission of certain testimony relating to damages and on the further ground of the excessiveness of the verdict.

The third party defendant has moved for judgment on the whole record and in the alternative for a new trial.

The motion of the third party defendant can be quickly disposed of. It is completely without merit. There was ample evidence of negligence of the third party defendant and the jury very properly so found. Motion of third party defendant for judgment on the whole record is refused.

Defendant claims that the court erred in not excluding the testimony of the plaintiff and her physician concerning plaintiff's fear of the development of cancer as the result of the accident. The uncontradicted testimony disclosed that plaintiff was hospitalized immmediately following the accident and that thereafter she consulted a physician in Philadelphia on five separate occasions. The original examination disclosed "a lacerated left ear, a contusion of the left zygoma, which would be the left side of the face, just in front of the ear. She also complained of severe pain across the sternum or breast bone on breathing, some discomfort of bruises on the anterior aspect—large bruises over the anterior aspect of the left thigh, bruised knees, bilaterally, and residual nervousness following the accident. * * * ." The second examination disclosed that "she had considerable chest pain, she had her old injuries, and she also complained of pain or stiffness of the muscles of the neck on the left side, left side of the neck." It was un-

contradicted that these injuries resulted from the accident.

Plaintiff's own uncontradicted testimony established that when she returned to California, approximately two months after the accident, she was still "feeling very ill" and "wasn't able to work, and my back ached and my—I had pains in my chest." She took diathermy treatments for a period of six to eight weeks and attempted to return to work on April 11, 1948, which was more than three months after the accident. At that time, she found that she could work only one or two days a week, and this disability continued during all of April and part of May. She was not able to resume permanent employment until June 1948, approximately six months after the accident. Her uncontradicted testimony also established that she had periodic X-rays because of the fear of cancer and that at the time of the trial, which was more than two years after the accident, she still had "pains in my chest and occasional pains in my back." Most of the testimony of the plaintiff was corroborated.

Furthermore, the accident ward of the Bryn Mawr Hospital listed as part of the diagnosis. "Contusion of sternum" and "Trauma from auto accident." The sternum was unmistakably identified for the benefit of the jury as the breast bone. On each examination during January 1948, she was still experiencing "considerable anterior and posterior chest pain on motion or breathing, * * * ." Dr. Bone's uncontradicted and unchallenged professional opinion was that these pains were caused by the contusion of the chest received in the accident. Dr. Bone further testified that plaintiff "had traumatic injury to both breasts", that he did not know whether she would develop cancer as a result of her trauma; and while he never saw anything about her injuries that should give her any reason to apprehend cancer, nevertheless, it was possible for her to worry and be upset and disturbed for some time following the accident in view of the fact that her breasts were involved.

Defendant argues that the court erred in admitting opinion evidence as to the reasonableness of plaintiff's fears.

■ The issue here was not the possible or even probable development of cancer in this plaintiff as a result of this accident. The testimony was admitted for the purpose of showing that this plaintiff did have a very real fear of the development of cancer of the breast and that her fears in this respect were reasonable. The appellate courts in Pennsylvania have frequently held that such suffering is compensable.

In Hess v. Philadelphia Transportation Company, 358 Pa. 144, 56 A.2d 89, 91, the Supreme Court of Pennsylvania quoted with approval the following excerpt from North German Lloyd Steamship Company v. Wood, 18 Pa.Super. 488: " * * * Mental suffering, as distinct from bodily pain, can be considered in an action * * for injury to the person, when such suffering is attendant upon and results from a physical injury: * * *." Relying upon that rule, the court permitted recovery for fright and nervous disorder arising from an electric shock, pointing out that plaintiff had received "a substantial physical injury, sufficient to carry with it the consequences of the fright that also brought psychic injury to him."

In Wilcox v. Richmond & D. R. Co., 4 Cir., 52 F. 264, 266, 17 L.R.A. 804, the court stated "The authorities are substantially agreed on the proposition that pain of mind, as distinct from bodily suffering, can be considered in actions for damages from injuries to the person, and for pecuniary loss and expense or like causes, incident to such injuries." By the same token, as was said by the court in the Wilcox case, supra, "we know of no decided case which holds that mental pain alone, unattended by injury to the person, caused by simple negligence, can sustain an action."[1]

■ It seems to me that all of the basic requirements, to justify the admissibility

---

1. See also Ewing v. Pittsburgh, C. & St. L. Ry. Co., 147 Pa. 40, 43, 23 A. 340, 14 L.R.A. 666; Linn v. Duquesne Borough, 204 Pa. 551, 54 A. 341; Koplin v. Louis K. Liggett Company, 322 Pa. 333, 185 A. 744; Hess v. Philadelphia Transportation Company, 358 Pa. 144, 56 A.2d 89.

of the testimony objected to, were present in this case. Without negligence on her part this plaintiff did suffer real injury to that portion of her body directly involving her breasts. She sought medical treatment to relieve the continuing distress in that region and also frequent X-ray treatments to guard against the development of cancer, of which she was in constant fear. "Cancer News", published by the American Cancer Society, Inc., in its October 1950 issue at page 3 says that breast cancer "claims the lives of 20,000 women each year. It is estimated that each year 50,000 women develop cancer of the breast." Healthy women who have suffered no injury whatever are encouraged to examine their breasts every month to detect signs of cancer and to have them examined by a physician twice a year for that purpose. Under the circumstances of this case I feel that it was entirely reasonable for this plaintiff to fear the development of cancer as the result of the severe injury to her breasts caused by this accident.

As to the suggestion that the verdict was excessive, I feel that the jury was properly instructed as to the question of damages. In Blunt v. Little, Fed.Cas. No. 1,578, 3 Mason 102, Mr. Justice Story, in speaking of the function of the court in this matter of damages, said that the court cannot interfere unless "it should clearly appear that the jury have committed a gross error, or have acted upon improper motives, or have given damages excessively in relation to the person or the injury, * * *."

The law in Pennsylvania is well settled that a jury verdict will be interfered with on the grounds of excessiveness only in cases where it is "so grossly excessive as to shock our sense of justice".[2] This rule has been followed consistently in federal courts in this circuit.[3] I do not find

this verdict so grossly excessive as to shock my sense of justice.

Defendant's motion for a new trial is refused. Third party defendant's motion for judgment on the whole record is refused. Third party defendant's motion in the alternative for a new trial under Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is refused.

2. Filer v. Filer, 301 Pa. 461, 465, 152 A. 567; Giannone v. Reale, 333 Pa. 21, 25, 3 A.2d 331; Gruskin v. Stitt, 339 Pa. 137, 141, 13 A.2d 412; Huey v. Blue Ridge Transportation Company, 350 Pa. 488, 39 A.2d 602.

3. Boyle v. Ward, D.C.M.D.Pa., 39 F.Supp. 545, 548, affirmed, 3 Cir., 125 F.2d 672;

Palmer v. Moren, D.C.M.D.Pa., 44 F. Supp. 704, 711; Handy v. Reading Co., D.C.E.D.Pa., 66 F.Supp. 246; Fornwalt v. Reading Co., D.C.E.D.Pa., 79 F.Supp. 921, 923; Armit v. Loveland, 3 Cir., 115 F.2d 308, 314; Scott v. Baltimore & O. R. Co., 3 Cir., 151 F.2d 61, 64-65.