Silver *v.* L. Blumberg's Son, Inc., Appellant.

Argued March 28, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Ralph S. Croskey,* with him *Croskey & Edwards,* for appellant.

*Joseph S. Lord, III,* with him *Richter, Lord & Farage,* for appellee.

OPINION BY GUNTHER, J., July 19, 1951:

Paul Silver, appellee, instituted this action in trespass against L. Blumberg's Son, Inc., appellant, to recover damages for personal injuries sustained when he was hit by a piece of iron extending beyond the side of appellant's truck. A jury rendered a verdict for appellee for $100.50. Appellee's motion for a new trial was granted by the court below on the ground that the verdict was inadequate. Appellant's motion for judgment n.o.v. was dismissed and this appeal followed. No complaint is here raised concerning the granting of a new trial.

The only question for decision is whether appellee is guilty of contributory negligence as a matter of law. We conclude that the court below properly submitted this question to the jury.

Appellee had been a passenger in an automobile which was parked along the north curb line of Torresdale Avenue, approximately 150 feet west of its intersection with Frankford Avenue in the City of Philadelphia. Another automobile was parked about two feet to the rear, and another vehicle a greater distance in front of the vehicle from which appellee had alighted. Appellee had gotten out of his car on the north or sidewalk side; he walked around the rear of the automobile and with his driver waited close to the left side of the car approximately near the middle. The two men had an appointment across the street and were waiting for a chance to cross. At this point, Torresdale Avenue is fifty feet wide with double car tracks in the middle and two way traffic. Thus the west-bound cartway was twenty-five feet wide. The line of moving cars and the parked cars together occupied only about thirteen feet of this cartway. This left about twelve feet clear for plaintiff to stand in, and he testified that he had approximately that much space. Plaintiff looked to his left and saw defendant's truck for the first time about thirty-five to forty feet away. The truck was being driven in the west-bound trolley track and, as plaintiff testified, when this truck was approximately ten feet away "it gradually started to move over toward me . . . I leaned back further against the automobile, until suddenly the (the truck) was upon me." Plaintiff leaned back against the automobile so hard that he dented a portion of it, threw his hands over his face, but was struck by a curved piece of metal which was hanging over the side of the truck approximately eight to ten inches.

Appellant contends that the case is ruled by *Hall v. Freaney*, 345 Pa. 45, 26 A. 2d 454, yet we think that

case is easily distinguishable. In the *Hall* case, the evidence established that the pedestrian had only one and one-half to three feet of space in a west-bound cartway that was only sixteen feet wide. The vehicle in the *Hall* case only swerved slightly to its right, whereas the evidence in the instant case clearly discloses that appellant's truck must have turned a distance of at least ten feet to its right. The pedestrian's position in the *Hall* case establishes that it was a dangerous one from the outset. Appellant contends that these differences in the width of the street and the clear space available to the pedestrian may distinguish the cases on their facts but not as regards the applicable legal principles. With this we disagree. In the *Hall* case it clearly appears that the slightest deviation or turning of the oncoming vehicle was sufficient to place the pedestrian in a position of peril, a peril which a reasonable and prudent man should have realized. Whether plaintiff's position in the instant case was a patently dangerous one was for the jury's consideration. The evidence discloses that there was ample room for the unrestricted movement of traffic; that traffic did in fact pass at a distance of ten to twelve feet from where plaintiff stood; that plaintiff stood as close to his parked car as possible, taking every normal precaution. There was no reason for plaintiff to anticipate defendant's negligence in shifting from his direct line of traffic toward plaintiff who was in full view. This unforeseeable negligence of defendant's driver rendered unsafe a position that was otherwise safe. Where, as here, a pedestrian has twelve feet of clear space between himself and oncoming traffic, reasonable minds could differ as to whether plaintiff was in a place of danger. Moreover, the *Hall* case, at page 47, intimates that it is not "negligence per se to descend from a standing vehicle on the side toward the open road if careful observation be made of approaching vehicles. . . .". See *Dorris v. Bridgman &*

*Co.,* 296 Pa. 198, 145 A. 827, where, in a case strikingly analogous, it was held that plaintiff's contributory negligence was for the jury. In the *Dorris* case, plaintiff was crossing the street. She saw defendant's truck approaching and started across. She stopped in the cartway midway between the trolley rail and the curb, fearing that there was not sufficient time to pass ahead of the approaching truck. The truck passed plaintiff, but as the rear went by she was struck by a piece of iron which extended a foot or two beyond the body line of the truck. The Court there said that "it is a question of care combined with judgment and ordinarily is for the jury to decide".

Judgment affirmed.