Claypool *v.* Schrecengost, Appellant.

Argued November 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Harry W. Miller*, with him *Van Der Voort, Royston, Robb & Leonard*, for appellant.

*H. H. Heilman, Jr.*, with him *W. A. Ashe*, for appellees.

OPINION BY HIRT, J., March 26, 1956:

In the early afternoon of March 13, 1953, a clear, dry day, plaintiff Betty Lou Claypool was driving her automobile westerly on Main Street, a part of Route No. 422, in the Borough of Worthington, Armstrong County. She drove through the intersection where Route No. 228 crosses Main Street at right angles. Fifteen feet beyond the intersection she turned to the right onto a parking area and stopped her car about four inches from the north curb. She alighted from the left side of her car and as she was walking toward

the front fender she was struck by the automobile of the defendant, Walter Schrecengost, which followed her through the intersection. The jury awarded her the sum of $1,000 and found for the husband-plaintiff in the sum of $1,658.14 reflecting his damages from her injury. In this appeal defendant contends that he was not negligent and that in any view both plaintiffs are barred by the contributory negligence of the wife. This is a case where the favorable inferences reasonably deducible from the evidence as a whole, to which the plaintiffs are entitled (Cf. *Fisher v. Hill,* 362 Pa. 286, 66 A. 2d 275) compel an affirmance of the judgments entered on the verdicts.

Main street is level and straight, and as defendant approached the intersection his view was unobstructed for more than 500 feet. Defendant rested at the close of the plaintiffs' case but in a statement to a State police officer he had admitted that he drove through the intersection at 30 miles per hour and didn't see the woman in time to avoid hitting her. His speed was estimated at 35 miles in other testimony. There was no traffic approaching from the west on Main Street in the east-bound lane and, measured from the yellow line marking the parking area, the westbound lane for vehicular travel was 11 feet 8 inches wide. Even if the rear of plaintiffs' car did extend over the line of the parking space into the cartway, to some extent, defendant could have avoided striking the woman. By the verdicts he is chargeable with negligence in driving through the intersection at speed that was excessive under the circumstances; in failing to observe plaintiffs' car with a brake light operating as it came to a stop after it turned into the parking space; and in failing to swerve his car to his left to avoid hitting the woman walking on the pavement whom he must have seen in front of him, had he looked. Cf. *Bert v. Walker,*

146 Pa. Superior Ct. 50, 21 A. 2d 488; *King v. Brillhart,* 271 Pa. 301, 114 A. 515.

The wife-plaintiff remembered driving through the intersection and parking at the curb and getting out of the car, but nothing more. She suffered a brain injury when she was thrown to the pavement by the force of the impact and she did not regain consciousness until three days later. Her failure therefore to recollect her actions immediately before she was struck does not justify the conclusion that she failed to maintain a watchful eye for oncoming vehicles. *Gruskin v. Stitt,* 339 Pa. 137, 13 A. 2d 412. These plaintiffs were entitled to the benefit of the presumption that the wife had done all that the law required of her in guarding against injury. *Grgona v. Rushton,* 174 Pa. Superior Ct. 417, 101 A. 2d 768. One witness to the accident said that the woman did not look back along Main Street after stepping from the car. But that statement, even if true, did not rebut the inference that she looked for approaching traffic in the rear view mirror before getting out of her car.

This plaintiff had the right to rely on the exercise of due care by other drivers on the highway and her failure to anticipate the defendant's negligence does not bar recovery. *Dempsey v. Cuneo E. Press Ink Co.,* 318 Pa. 557, 179 A. 220; *Morris v. Harmony S. L. M. T. Co.,* 348 Pa. 117, 34 A. 2d 534. Contributory negligence will be declared as a matter of law only where it is so clear that there is no room for fair and reasonable disagreement as to its existence. *Szukics v. Ruch,* 367 Pa. 646, 81 A. 2d 903. In that case the plaintiff was standing by the side of a damaged automobile in the east bound traffic lane of a three-lane bridge. The highway on the bridge was well lighted. He was injured when struck by an automobile which approached from his rear. It was there held that the lower court erred under the cir-

cumstances in charging Szukics with negligence as a matter of law and in entering a compulsory nonsuit on that ground. In *Mazi v. McAnlis et al.,* 365 Pa. 114, 74 A. 2d 108, the plaintiff pulled his car to the right and stopped with his right wheels on the berm and his left wheels in the northbound traffic lane 1 to 2 feet from the edge of the concrete highway. Plaintiff was standing on the left side of his car when he first saw the defendant's car, 82 feet away, approaching from the south. He stepped onto his left running board but was injured when he was "sideswiped" by defendant's car. The question of his contributory negligence was for the jury. Cf. *Silver v. L. Blumberg's Son, Inc.,* 169 Pa. Superior Ct. 458, 82 A. 2d 322; *Bert v. Walker,* supra.

Contrary to the appellant's contention this case on its facts is not ruled by the principle that one who steps into a street and is immediately struck by a passing automobile which he could have seen if he had looked, is contributorily negligent as a matter of law. *Heath v. Klosterman,* 343 Pa. 501, 23 A. 2d 209; *Grein et al. v. Gordon,* 280 Pa. 576, 124 A. 737; *Snyder v. Union Paving Co.,* 170 Pa. Superior Ct. 112, 84 A. 2d 373 are settled law but they are not applicable.

The jury might have charged the plaintiffs with contributory negligence, barring recovery; but we may not.

Judgments affirmed.