Moore, Appellant, *v.* Zimmerman.

Argued March 23, 1972. Before WRIGHT, P. J., WAT-KINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Charles S. Wilson,* with him *Smith & Wilson,* for appellant.

*William B. Moyer,* with him *Power, Bowen & Valimont,* for appellees.

OPINION BY CERCONE, J., June 15, 1972:

The minor plaintiff, Scott Moore, was struck while crossing a two-lane rural highway, Ridge Road, in East Rockhill Township, Bucks County, by an automobile driven by defendant Doris Zimmerman. The minor plaintiff sustained serious injuries for which he seeks recovery against the defendant. After all the pleadings, depositions, and answers to interrogatories were filed, the lower court granted defendants' motion for summary judgment under Pennsylvania Rule of Civil Procedure 1035. Plaintiff appeals to this court from the grant of that summary judgment contending that the record discloses genuine issues of material facts which can only be determined by a jury.

In determining whether or not such genuine issue as to any material fact exists, "the court must take that view of the evidence most favorable to the party against whom the motion is directed, giving to that party the benefit of all favorable inferences that might reasonably be drawn from the evidence, thereby placing the burden of proving the absence of any factual

issue on the movant." *Michigan Bank v. Steensen*, 211 Pa. Superior Ct. 405, 406 (1967).

In the instant case an examination of the record with the aforementioned principle in mind persuades us that material facts are indeed in dispute and the order of the lower court entering the summary judgment in favor of defendant must be reversed.

The record shows that minor plaintiff sustained among other injuries, as a result of the accident, a retrograde amnesia which prevents his recall of the event. He remembered only that he was walking up through a wooded area listening to music on a portable radio he was carrying, emerging from the woods onto Ridge Road and having an unobstructed view of the road as he looked westwardly (the direction from which defendant was traveling). Defendant was the only witness able to testify concerning the accident itself. Her testimony disclosed that she was driving along Ridge Road in an easterly direction, having a clear view of the road for a couple of hundred feet on a bright sunlit day; that she first saw minor plaintiff in her lane of traffic when her automobile was 30-35 feet away from him; that at the time she saw minor plaintiff he was standing or walking toward the other side or northerly side of Ridge Road; that she was traveling at a speed of forty miles per hour in a fifty-five mile per hour zone (though the police report showed the area to be a forty-five mile per hour zone); that as minor plaintiff ran to reach the other or northerly side of the road, she drove her automobile across the centerline of the road into the westwardly lane of traffic and there struck minor plaintiff just as he was within two inches of having completely traversed the road. Defendant's deposition fails to give an explanation as to why she failed to see minor plaintiff in time to avoid striking him.

The minor plaintiff's mother testified on deposition that defendant had called her on the evening of the accident and stated that she had made a wrong turn in striking minor plaintiff. Defendant denied making such statement.

It is upon this record that the lower court found that as a matter of law the defendant Doris Zimmerman was not negligent and that the minor plaintiff was contributorily negligent.

In coming to this conclusion it appears the court below looked at all the facts and inferences reasonably drawn from those facts in a light most favorable to the defendant instead of in favor of the plaintiff as it was compelled to do. The testimony of the defendant, with its lack of explanation as to her failure to see the minor plaintiff and to avoid striking him, raised an issue of negligence on her part which was for the jury's determination. Traveling at forty miles per hour defendant's car would be traveling 58.6 feet per second which would mean she could very well have been several hundred feet away when she saw or should have seen minor plaintiff either before he began to cross or while he was in the process of crossing the road since the minor plaintiff had almost completely traversed the width of the road at the time he was struck. Under these facts, a jury could well determine lack of due care on her part. Defendant's denial of the statement testified to by minor plaintiff's mother that defendant had stated she had made a wrong turn, raised an issue of credibility for the jury and could not be relied upon by the court below on a motion for summary judgment: *Kopar v. Mamone*, 419 Pa. 601 (1966); *Nanty-Glo Borough v. American Surety Co.*, 309 Pa. 236 (1932).

As to minor plaintiff's contributory negligence, his amnesia because of the injuries sustained in the accident, prevented his recall of the event and requires us

to presume that he exercised due care: *Auel v. White*, 389 Pa. 208 (1957). This presumption was not rebutted as a matter of law by defendant's testimony. The lower court had found that under the evidence on deposition minor plaintiff was contributorily negligent either because he did not look to see the conditions of traffic or if he did, he should have seen defendant's automobile in time to avoid being struck. Here again the lower court mistakenly considered the inferences to be drawn from all the testimony in favor of the defendant rather than in favor of the minor plaintiff.

Contributory negligence as a matter of law should be declared only in a very clear case, and only where the evidence of such is so clear and palpable that there is no reason for fair and sensitive men to differ in their conclusions as to its existence: *Kurtz v. Philadelphia Transp. Co.*, 394 Pa. 324 (1959) ; *Ashcraft v. Hussey Co.*, 359 Pa. 129 (1948). This is not such a case. It isn't negligence per se for a person to cross a public highway or a street in the middle of the block, even though he must exercise a greater degree of care than when crossing at an intersection: *McKniff v. Wilson*, 404 Pa. 647 (1961) ; *Shuman v. Nolfi*, 399 Pa. 211 (1960) ; *Nugent v. Joerger*, 387 Pa. 330 (1956). The burden of establishing that minor plaintiff was contributorily negligent was upon defendants. The record reveals defendants did not meet that burden. The presumption of due care operated in favor of minor plaintiff in this case, and there was no evidence to rebut either the presumption that he did look up the road and defendant's car was not in sight, or that if the car was within his view he had reason to believe he could cross without injury. The jury could well find that the minor plaintiff could have crossed in safety had defendant not pursued him into the opposite lane of traffic. See *Mazi v. McAnlis*, 365 Pa. 114 (1950) ;

*Lonasco v. Veill*, 158 Pa. Superior Ct. 456 (1946); *Claypool v. Schrecengost*, 181 Pa. Superior Ct. 1 (1956).

We believe the evidence reveals the existence of genuine issues of fact and inferences of fact to be determined by a jury, and we therefore vacate the order of summary judgment and order a trial on the merits.