393 A.2d 901

**Theodore BONNEAU, Appellant,**

**v.**

**RALPH V. MARTIN OIL COMPANY, Appellant,**

**and**

**Clarence D. Harvey (two cases).**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided Oct. 20, 1978.

George B. Angell, Port Allegheny, for appellant at No. 544 and appellee at No. 639.

Norbert J. Powell, Johnsonburg, for appellant at No. 639 and appellee at No. 544.

Mark M. Wilcox and John D. Lewis, Wellsboro, for appellee Harvey.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This is a trespass action for damages incurred by plaintiff in 1976 by reason of a fire that was allegedly caused by the ignition of escaped fumes from underground tanks at a Sunoco gasoline service station owned and operated by plaintiff in Roulette Township, Potter County, Pennsylvania. Plaintiff alleged that the defendants Martin and Harvey owned the tanks, knew of their leaking condition and failed to correct it, and were therefore negligent to plaintiff's detriment.

Interrogatories were directed to both Martin and Harvey, and in response to them, Martin admitted that he owned the tanks from January 1, 1974 to an undetermined date thereafter, and had received notice by phone from plaintiff stating he detected fumes in the basement of the station building, but on inspection he had found no hazardous condition. Harvey's answer denied he had owned the tanks and pumps in 1970, but admitted that under an agreement with Sun Oil Company, he had the obligation to maintain the pumps and equipment located above ground level, but that all tanks and equipment located beneath the ground were the responsibility of Sun Oil Company, their owner, although frequently he was called on by Sun Oil Company to make repairs or replacements of the underground tanks and equipment. Harvey denied that he had notice of any hazardous condition due to fumes caused by leakage from tanks or any other source, but admitted fumes were noted after the serious flood of 1972 at which time the tanks had been inspected at the request of Sun Oil Company and no leakage was found. Further, he admitted that since no hazardous condition was found on that inspection, he continued to deliver gasoline into the tanks until December 31, 1974 when Ralph V. Martin Oil Company (Martin) became the commission agent serving the station.

The deposition of plaintiff was also taken under Pa.R.C.P.; Rule 4002. He testified that in 1970, he purchased the station, and continued to receive gasoline and oil supplies from Harvey as distributor for Sun Oil Company. The first

time fumes were detected was in 1972 after the flood. At that time, there was gasoline in the basement, and Sun Oil Company made repairs to the underground tanks and fittings. Between 1972 and 1976 when the explosion occurred, the plaintiff smelled fumes five or six times, one of which was immediately before the explosion. The explosion occurred when his wife turned on the hot water which kicked on the water heater. The premises are served with natural gas. No experts were called to establish the source of the fumes or that the tanks leaked.

Both defendants moved the court for a summary judgment in their favor under Pa.R.C.P.; Rule 1035. Martin's motion argued that the source of the gasoline in plaintiff's basement had been proven to be unknown, and that there were several possible sources. Harvey's motion, in addition to the reasons asserted by Martin, contended that certain admissions by plaintiff established contributory negligence as a matter of law; and furthermore his responsibilities ended December 31, 1974 when Martin assumed them.

After hearing arguments on the motions and consideration of the pleadings, interrogatories, Harvey's affidavit and plaintiff's deposition, summary judgment was entered for Harvey and denied as to Martin.

Objections to the order of court were filed by both plaintiff and Martin, and were overruled after argument and both appealed.[1]

Plaintiff's appeal is directed solely to the summary judgment entered in favor of Harvey, and raises the question whether the facts demonstrated by the pleadings, the answers to the interrogatories, the deposition of the plaintiff and affidavit of Harvey were sufficient to permit the submission of the case to a jury.

1. Although the appeal of Martin would ordinarily be dismissed as one taken from an interlocutory order, the lower court has certified that the order "involves a controlling question of law as to which there is a difference of opinion"; and on February 14, 1978, Harvey filed with this court a motion to quash the appeal of Martin for the reason that he was not an aggrieved party under appellate R.C.P. 501 to the summary judgment entered in favor of Harvey, but the motion was dismissed.

Defendant Martin's appeal raises the same questions as does the plaintiff's, and also a second question whether under Pa.R.C.P. 2231(h)(1) a summary judgment may be granted a co-defendant prior to the conclusion of a plaintiff's case against all defendants.

Viewing the record in the light most favorable to the nonmoving party, *Moore v. Zimmerman*, 221 Pa.Super. 359, 292 A.2d 458 (1972), it appears that a jury could find that gasoline fumes were first detected following the 1972 flood at which time certain repairs were made to the tanks, and their fittings, and that Harvey made these repairs; that subsequently during periods of high water gasoline fumes were detected from which it could infer the repairs made to the tanks and fittings were not sufficient to prevent high water from having an effect on them so as to cause gasoline to escape. Although Harvey's responsibility for the above ground pumps, and for delivery of gasoline products may have ended December 31, 1974, that is no reason to foreclose the rights of a person that may have suffered damage from his prior negligence. Although the record does not preclude the possibility that the explosion may have occurred in some way unrelated to Harvey, it is not the province of the court to apply a formula of exclusion, but that of a jury. *Smith v. Bell Telephone Co.*, 397 Pa. 134, 153 A.2d 477 (1959).

Defendant-Harvey argues that his affidavit[2] attached to his motion should be accepted as true in the absence of an answer controverting it under Pa.R.C.P.; Rule 1035(a), and that it shows no genuine issue for trial. However, we find a contradiction between the affidavit and his interrogatory wherein he admitted that he had made repairs

2. Accompanying this motion was an affidavit of Harvey averring that at no time was he the owner of the underground tanks, that at no time did he have any control over those tanks, that his responsibility was limited to the pumps above ground, that at no time were the pumps not properly maintained and that since December 31, 1974 he was not involved in any way having sold out to Martin; and further that following the flood of July 12, 1972, the tanks were hydrostatically testified at the request of Sun Oil Company, the owner of same, and found not to be leaking.

and inspected the tanks. Nor is his argument alleging plaintiff's contributory negligence acceptable.

Therefore, as to the appeal of plaintiff from the grant of summary judgment in favor of Harvey, the order is reversed and the case is remanded for trial.

As to the appeal of Martin from the denial, we are of the opinion its involvement with the operations prior to the explosion, knowledge of the fumes, and its inspection of the tanks thereafter is sufficient to form a basis for a finding by a jury that it was negligent. Therefore, its appeal is dismissed, the denial of its motion for a summary judgment is sustained, and the case is listed for trial.

PRICE and VAN der VOORT, JJ., dissent.

HOFFMAN, J., did not participate in the consideration or decision of this case.