# Haas *v.* Chester Street Railway Company, Appellant.

*Negligence—Street railways—Duty of driver to look and listen.*

The driver of a wagon is not required to stop before attempting to cross the track of a street railway, but it is his duty to look when in a place where he has a view of the track in the direction from which a car may be expected to come, and to continue to look as he approaches it. Ordinarily on a city street the house line is the proper place from which to look, and looking from a point back of the house line where the view is obstructed does not relieve from the charge of contributory negligence. But if the act of looking, commenced at a point back of the house line, continues when it is reached and until the driver is so far committed to the act of crossing that it is more dangerous to attempt to stop than to go on, he has done all the law requires in that regard. When a clear view of the track for a safe distance cannot be had, it may be the duty of the driver to stop before crossing the track of a street railway. But this is not a fixed legal duty as it is in the case of steam railroads, and unless the necessity for this additional precaution is obvious, the question whether under the circumstances it should have been taken is for the jury.

In an action against a street railway company to recover damages for personal injuries sustained in a collision between a street car and carriage, the evidence for the plaintiff tended to show that the plaintiff and two other persons while riding in an open carriage approached a street on which was a single track on which cars were run in both directions. The horse was on a slow trot, estimated at six miles an hour, and all three occupants of the carriage looked and listened for the approach of a car. When within nine feet of the house line, the driver checked his horse, leaned over the dashboard, and looked west for a car. From this point he could see the track for a distance of eighty feet west of the house line and probably 100 feet from his position in the carriage. He then looked east and turning again to the west saw a car thirty feet west of the crossing, and about fifty feet from him. The horse had not come to a full stop, and was then so near the track that the driver, in order to avoid a collision, turned abruptly to the east and drove rapidly in the direction in which the car was moving. He was unable to keep ahead of the car, or to get the carriage off the track before he was overtaken. The car was a water car used for sprinkling streets and was running at the rate of twenty-five miles an hour, and no notice was given of its approach to the crossing. *Held*, that the case was for the jury and that a judgment and verdict should be sustained.

Argued Feb. 11, 1902. Appeal, No. 300, Jan. T., 1901, by defendant from judgment of C. P. Delaware Co., Sept. T., 1899, No. 200, on verdict for plaintiff in case of Emil O. Haas *v.*

Chester Street Railway Company and the Chester Traction Company.  Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before JOHNSON, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $4,100.  Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*William B. Broomall,* for appellant.—Plaintiff was guilty of contributory negligence: Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180; Potter v. Scranton Traction Co., 176 Pa. 271; Smith v. Electric Traction Co., 187 Pa. 110; Smith v. Holmesburg, etc., Electric Ry. Co., 187 Pa. 451; Darwood v. Union Traction Co., 189 Pa. 592; Trout v. Altoona, etc., Electric Ry. Co., 13 Pa. Superior Ct. 17; Smith v. Phila. Traction Co., 3 Pa. Superior Ct. 129; Davidson v. Schuylkill Traction Co., 4 Pa. Superior Ct. 86; Callahan v. Phila. Traction Co., 184 Pa. 425; Omslaer v. Pittsburg, etc., Traction Co., 168 Pa. 519; Wheelahan v. Phila. Traction Co., 150 Pa. 187; Kern v. Second Ave. Traction Co., 194 Pa. 75; Gilmartin v. Lackawanna Valley Rapid Transit Co., 186 Pa. 193; Warner v. Peoples' St. Ry. Co., 141 Pa. 615; Dean v. Penna. R. R. Co., 129 Pa. 514; Carlisle Borough v. Brisbane, 113 Pa. 544; Crescent Twp. v. Anderson, 114 Pa. 643; Wiest v. Electric Traction Co., 200 Pa. 148.

*O. B. Dickinson,* with him *W. R. Bliss,* for appellee, cited: Bornscheuer v. Consolidated Traction Co., 198 Pa. 332; Callahan v. Phila. Traction Co., 184 Pa. 425; Smith v. Electric Traction Co., 187 Pa. 110; McGovern v. Union Traction Co., 192 Pa. 344; Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Downey v. Pittsburg, etc., Traction Co., 161 Pa. 131; Greenfield v. East Harrisburg Ry. Co., 178 Pa. 194; Manayunk, etc., Boarding & Livery Stable Co. v. Union Traction Co., 7 Pa. Superior Ct. 104; Jones Bros. v. Greensburg, etc., St. Ry. Co., 9 Pa. Superior Ct. 65; Muckinhaupt v. Erie R. R. Co., 196

Pa. 213; Elston v. Delaware, etc., R. R. Co., 196 Pa. 595; Shaughnessy v. Consolidated Traction Co., 17 Pa. Superior Ct. 588.

OPINION BY MR. JUSTICE FELL, March 24, 1902:

On the whole testimony the jury may have reached a wrong conclusion in this case, but the court could not have withdrawn it from them. The facts developed by the testimony for the plaintiff were these. The plaintiff with two other persons was riding in an open carriage going south on Madison street, Chester, towards Fifth street, which crosses it at right angles. On Fifth street is a single track of the defendant's road, on which cars are run in both directions. The horse was on a slow trot estimated at six miles an hour, and all three occupants of the carriage looked and listened for the approach of a car. When within nine feet of the house line on the north side of Fifth street, the driver checked his horse, leaned over the dashboard, and looked west for a car. From this point he could see the track for a distance of eighty feet west of the house line, and probably 100 feet from his position in the carriage. He then looked east, and turning again to the west saw a car thirty feet west of the crossing and about fifty feet from him. The horse had not come to a full stop and was then so near the track that the driver, in order to avoid a collision, turned abruptly to the east and drove rapidly in the direction in which the car was moving. He was unable to keep ahead of the car, or to get the carriage off the track before he was overtaken by the car. The collision occurred at a point a few feet east of Madison street. The car was a water car used for sprinkling streets, and was running at the rate of twenty or twenty-five miles an hour, and no notice was given of its approach to the crossing.

The driver was not required to stop before attempting to cross the track, but it was his duty to look when in a place where he had a view of the track in the direction from which a car might be expected to come, and to continue to look as he approached it. Ordinarily on a city street the house line is the proper place from which to look, and looking from a point back of the house line where the view is obstructed does not relieve from the charge of contributory negligence. But if the act of looking, commenced at a point back of the house line, continues

when it is reached and until the driver is so far committed to the act of crossing that it is more dangerous to attempt to stop than to go on, he has done all the law requires in that regard. When a clear view of the track for a safe distance cannot be had, it may be the duty of a driver to stop before crossing the track of a street railway. But this is not a fixed legal duty as it is in the case of steam railroads, and unless the necessity for this additional precaution is obvious, the question whether under the circumstances it should have been taken is for the jury. The driver in this case had to look both ways on Fifth street, as a car might come from either direction on the single track. While he was advancing slowly, looking alternately west and east, a car running very rapidly came into view in one direction while his eyes were momentarily turned in the other. Whether under the circumstances he exercised due care was for the jury.

The judgment is affirmed.