## Talley v. Chester Traction Company, Appellant.

*Negligence—Street railways—Crossing—"Stop, look and listen."*

1. There is no fixed duty to stop imposed upon a driver before crossing the tracks of a street railway, and, unless the necessity for additional precaution is obvious, the question whether under the circumstances it should have been taken is for the jury.

2. Where a man driving along a highway parallel to a street railway line is struck by a car as he turns from the highway onto a public crossing at which his view is obstructed by trees and undergrowth between the road and the tracks, the question of his contributory negligence is for the jury, where the plaintiff testifies that when 100 feet from the crossing, from which point he had a view back for 500 feet along the tracks, he brought his horse to a walk and looked and listened for a car, and continued to look and listen as he drove on, and that as he turned from the highway to the crossing he leaned forward and looked but neither saw nor heard a car coming.

Submitted Feb. 8, 1910. Appeal, No. 5, Jan. T., 1910, by defendant, from judgment of C. P. Delaware Co., March T., 1908, No. 41, on verdict for plaintiff in case of Amor Talley v. Chester Traction Company. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The opinion of the Supreme Court states the facts.

The court submitted the case to the jury.

Verdict and judgment for plaintiff for $2,123.10. Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant non obstante veredicto.

*John B. Hannum,* for appellant.—There are occasions when it is the duty of a person about to cross the tracks of a street railway company to stop: Omslaer v. Pittsburg & Birmingham Traction Co., 168 Pa. 519; Smathers v. Pittsburg & Butler Street Railway Co., 226 Pa. 212; Mankewicz v. Lehigh Valley Railroad Co., 214 Pa. 386; Kinter v. Penna. R. R. Co., 204 Pa. 497; Trout v. Electric Railway Co., 13 Pa. Superior Ct. 17; McCartney v. Union Traction Co., 27 Pa. Superior Ct. 222.

*John M. Broomall,* for appellee.—Whether or not the driver ought, under all the circumstances, to have come to a full stop is a question for the jury: Jones Bros. v. Railway Co., 9 Pa. Superior Ct. 65; Vincent v. Transit Co., 220 Pa. 350; Cohen v. Transit Co., 16 Pa. Dist. Rep. 491; Bard v. Railway Co., 199 Pa. 94; Bickel v. R. R. Co., 217 Pa. 456; Hamilton v. Traction Co., 201 Pa. 351.

PER CURIAM, March 7, 1910:

The accident happened in a rural district where the track of the defendant's road was laid on a narrow strip of ground that abutted on the highway on which the plaintiff was driving. Between the track and the highway there were at places trees and underbrush that obstructed his view of the track. He testified that when he was 100 feet from an avenue that crossed the highway at right angles, into which he intended to turn on the side next the car track, he brought his horse to a walk and looked and listened for a car. From this point he could see back in the direction from which the car came 500 feet. He continued to look and listen as he drove on, but his view was cut off by trees and bushes at the

roadside. As he turned from the highway into the avenue, he leaned forward and looked, but neither saw nor heard a car until his horse was crossing the first rail. He stopped his horse before it had crossed the second rail and tried to back off. The car was running very rapidly on a down grade, and no signal of its approach was given. The only question raised by the appeal is whether the case should have been withdrawn from the jury on the ground of the plaintiff's contributory negligence.

It is the duty of a driver, before crossing the track of a street railway, to look and to continue to look until the track is reached and to listen, if his view is obstructed. It may be his duty to stop, as under the facts in Omslaer v. Traction Co., 168 Pa. 519, where an approaching car could not be seen because of obstructions nor heard because of other noises: Haas v. Railway Co., 202 Pa. 145; Smathers v. Railway Co., 226 Pa. 212. But there is no fixed duty to stop and, unless the necessity for the additional precaution is obvious, the question whether under the circumstances it should have been taken is for the jury. The plaintiff did not act recklessly. He looked and listened until the track was reached. While his view was in a measure obstructed, he could place some reliance upon his sense of hearing, especially in view of the duty of the motorman to give notice of the approach of a car to a public crossing.

The judgment is affirmed.