# Woomer v. Altoona & Logan Valley Electric Railway Co., Appellant.

*Negligence—Contributory negligence—Street railways — Automobiles — Grade crossings — Right-angle collision — Question for jury.*

In an action in trespass, to recover for damages resulting to plaintiff's automobile truck from a collision with defendant's street car at a grade crossing the question as to negligence and contributory negligence were properly for the jury upon the following facts:

Plaintiff stopped and looked at the building line about twenty feet from the nearest rail of defendant's track and continued to look both ways as he approached the crossing.  It was night and there were four lights on the truck.  As plaintiff reached the first rail he saw defendant's car coming at about eighteen or twenty miles per hour.  He stopped and before he could back his machine off the track it was struck by defendant's car, which ran on about a square before it stopped.

*Streets—Right of way—Street railways — Automobiles — Grade crossings—Rights in tracks—First to arrive at crossing—Charge of court—Error.*

In an action to recover damages for negligence of a street railway company, resulting in a collision between one of its cars and the automobile of the defendant, it was error to charge that whichever vehicle reached the crossing first had the right of way.  While the railway company has superior rights in the use of its tracks its rights are not exclusive.  Nor is any one warranted in assuming

that if he reaches the crossing first he may go on and that the whole duty of care and vigilance is then cast on the motorman. The duty to look for an approaching car is an absolute duty and failure to do so is negligence per se. This duty is not performed by looking when first entering on the street but continues until the track is reached.

Argued October 23, 1922.   Appeal, No. 109, Oct. T., 1922, by defendant, from judgment of C. P. Blair Co., March T., 1922, No. 125, on verdict for plaintiff in the case of James S. Woomer v. Altoona & Logan Valley Electric Railway Company.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Trespass to recover for damages to plaintiff's automobile.   Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $620.18 and judgment thereon.   Defendant appealed.

*Errors assigned* were refusal of motions for new trial and for judgment non obstante veredicto and that part of the charge which is quoted in the opinion of the Superior Court.

*Thomas H. Greevy,* for appellant.—The duty to look for an approaching street car is an absolute duty, and failure to do so is negligence per se. This duty is not performed by looking when first entering on the street, but continues until the track is reached: Ehrisman v. East Harrisburg City Passenger Railway Co., 150 Pa. 180; Moser v. Union Traction Co., 205 Pa. 481; Moses v. Northwestern Pa. Ry. Co., 258 Pa. 537; Griffith v. P. R. T. Co., 267 Pa. 81; Trout v. A. & L. V. E. Ry. Co., 13 Pa. Superior Ct. 24; Brown v. Traction Co., 14 Pa. Superior Ct. 594.

Unlawful speed of defendant does not relieve plaintiff of his contributory negligence: McCracken v. Consolidated Traction Co., 201 Pa. 378; Timler v. P. R. T. Co., 214 Pa. 475.

No one is warranted in assuming that if he first reaches the crossing he may go on, and that the whole duty of care and vigilance is then cast on the motorman: Burk v. Union Traction Co., 198 Pa. 497.

*John F. Sullivan,* for appellee.—A person about to cross a street at a regular crossing is not bound to wait because a car is in sight. If it is at such distance from him that he has reasonably ample time to cross, if it is run at its usual rate of speed, it cannot be said as a matter of law, that he is negligent in going on and the question is for the jury: Bickley v. So. Pa. Traction Co., 56 Pa. Superior Ct. 113; Connor v. Pittsburgh Rys. Co., 50 Pa. Superior Ct. 629; Talley v. Chester Traction Co., 227 Pa. 394.

Opinion by Gawthrop, J., December 14, 1922:

Defendant appeals from a judgment entered on a verdict rendered against it in a suit in trespass for damages to plaintiff's automobile truck resulting from a collision at a grade crossing. It complains that there was error: 1, in the charge; 2, in the refusal to enter judgment n. o. v. We shall consider these questions in their inverse order.

Looking at the evidence of plaintiff, and accepting as established by the verdict, every fact and every fair inference therefrom favorable to him, we deduce the following facts: Plaintiff was driving a heavy automobile truck, loaded with coal, southward on Eleventh Street, in the City of Altoona, at ten o'clock p. m. There were four lights on the truck, two on the front of the radiator and two at the dashboard. He approached at a right angle a grade crossing of defendant's line on Eighth Avenue. When he was at the curb line of Eighth Ave-

nue, about twenty feet from the nearer rail, he stopped, looked both east and west for cars and saw one standing on a turnout about one hundred and four feet to the east. He saw nothing approaching from the west, although he could see seventy-five feet in that direction. He continued looking in both directions as he started to move toward the crossing in low gear at a speed of about two miles an hour. About the time the front end of his truck reached the first rail, he saw a car approaching from the west at a distance of approximately one hundred and twenty-five feet and running at a speed of eighteen or twenty miles an hour. He stopped immediately with the front of his truck extending about fourteen inches over the first rail. Before he had time to back, the car collided with the truck, pushed it out of the way and ran a square before it stopped. Upon such facts, the questions of defendant's negligence and plaintiff's contributory negligence were for the jury. Plaintiff did not violate any positive rule of law. He stopped at the building line, looked and saw nothing which in his judgment should have prevented his going across the tracks. When he started again, he continued to look and stopped as soon as he saw the car. The jury was warranted in finding that he exercised due care under the circumstances and that the motorman could have stopped his car and avoided the accident if he was running at a proper speed and was looking for traffic approaching the crossing, and that the failure to do so was negligence. The distance which the car went after the collision tended to prove either an unusual speed at the crossing or failure to look for vehicles at the crossing, or both. The truck on the car track in full view of the motorman gave him notice of the danger, and it was his duty to approach it under proper speed, and to have his car under such control as the circumstances required. We have held that where an automobile stalls upon the track of a street railway company at a grade crossing at a point where a motorman of a car two hundred and

fifty feet away has a full view of the automobile, and the motorman so operates his car as to run into the automobile, the question of the motorman's negligence and the chauffeur's contributory negligence is for the jury: Mead v. Central Pa. Traction Co., 63 Pa. Superior Ct. 76. We agree with the learned trial judge that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury.

That part of the charge which is assigned for error is as follows:

"In this connection we call your attention to the fact that when a trolley car and a machine reach an intersecting street the one reaching the street first has the right of way; so, if this automobile reached the street first and attemped to get across, then it was the duty of the motorman to have his car under such control as to permit that machine to get across. On the other hand, if that trolley car was at the intersecting street first, it was the duty of this automobile driver, the plaintiff, to have his car under such control as to stop; for then, under those conditions, the trolley car had the right of way; and, if you believe the trolley car was at the intersecting point first, and had the right of way, it was the duty of the plaintiff to have his car under such control as not to run into it." Electric street railway companies have not the exclusive use of their tracks, but in their use their rights are superior to those of the traveling public and their cars have the right of way. No one is warranted in assuming that if he first reaches the crossing he may go on, and that the whole duty of care and vigilance is then cast on the motorman. The duty to look for an approaching car is an absolute duty and failure to do so is negligence per se. This duty is not performed by looking when first entering on the street, but continues until the track is reached: Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 186; Burk v. Union Traction Co., 198 Pa. 497. In this portion of his charge, the learned trial judge, doubtless inadvert-

ently fell into error by stating the law applicable to the case of one vehicle arriving at an intersection well in advance of another, as declared in Simon v. Lit Bros., Inc., 264 Pa. 121; Weber v. Greenebaum, 270 Pa. 382, and Black v. Mark, 273 Pa. 138. We are compelled to sustain the first assignment. All the others are dismissed.

The judgment is reversed with a venire facias de novo.