## Davis, Appellant, *v.* Pittsburgh Railways Company.

394

Argued April 27, 1937.

Before Keller, P. J., Cunning-
ham, Baldrige, Stadtfeld, Parker, James and Rhodes,
JJ.

*John Duggan, Jr.,* with him *I. A. Melnick,* for appellant.

*James R. Orr,* with him *J. R. McNary* and *Walter M. Lindsay,* for appellee.

Opinion by James, J., September 29, 1937:

Plaintiff brought an action in trespass to recover damages resulting from a collision between defendant's street car and a motor hearse owned and driven by plaintiff. At the trial, defendant offered no testimony but submitted a point for binding instructions. The jury found for plaintiff, whereupon defendant filed a motion for judgment n. o. v., which was later granted on the ground of plaintiff's contributory negligence. From the judgment entered for defendant, plaintiff appeals.

Reading the testimony in the light most advantageous

to plaintiff and resolving all doubts in his favor, we are convinced that the court below was correct in finding plaintiff guilty of contributory negligence.

A fair summary of the testimony is as follows: About 4:30 o'clock on the afternoon of August 29, 1934, plaintiff was driving a hearse, the fourth car in a funeral procession, in an easterly direction near the right-hand curb on Liberty Avenue, a main thoroughfare in the City of Pittsburgh. Attached to the left-front fender of each car in the procession was a white flag, clearly visible, indicating it was a funeral procession. Liberty Avenue runs in an easterly and westerly direction, the center of which is occupied by double tracks of the defendant company. The distance from the outer rail to either curb on Liberty Avenue is about 16 feet 6 inches. The funeral procession was traveling about 18 miles an hour and when it reached Taylor Street, which intersects but does not cross Liberty Avenue, it turned left across Liberty Avenue. Three cars of the procession had crossed and plaintiff's hearse, following about 15 feet in the rear of the third car, was struck in the rear right mudguard by defendant's street car and pushed to a point across the curb on Liberty Avenue about 10 to 12 feet from Taylor Street. As plaintiff was making the turn into Taylor Street, he saw several trucks stopped at the curbline of Taylor Street facing west on the opposite side of Liberty Avenue, and he also saw the street car, which collided with the hearse, about 400 feet east on Liberty Avenue just starting.

Plaintiff testified in chief as follows: "Q. And you say that street car was about 400 feet up Liberty Avenue? A. Up Liberty Avenue. Q. And it had just started? A. Yes, sir. Q. What were you doing at the time? A. I was making the turn. Q. What happened afterwards while you were making the turn and crossing Liberty Avenue? A. Well, the street car speeded up; I thought it was going to stop, because the other cars had gone

over." On cross-examination he testified: "Q. And where were you when you saw the car, as you say, 300 or 400 feet away? A. I had not started to turn; the other cars was turned but I had not started to turn yet, I was still on the right hand of Liberty Avenue. Q. Where was the street car when you started to turn? A. The street car had started, moved up from the street car stop. Q. Well, where was it when you started to make your turn? A. Well, it was just moving away about 300 or more, I guess, feet, from Taylor Street. Q. When you started to make your turn the street car was just starting away from the stop? A. Yes, sir. Q. 300 or 400 feet away? A. Yes, sir. Q. Is that correct? A. Yes, sir. Q. And you were going at the rate of 18 miles an hour? A. About that. Q. And the street car hit your right side towards the rear? A. Yes, sir. Q. Where were you driving before you started to make the turn, with reference to the other track, the out-bound track? A. I wasn't driving in the track, I was driving at the curb, the right hand curb on Liberty Avenue. Q. Did you have any part of your vehicle on the track? A. No, sir. Q. Weren't you driving straddle of the track, straddle of the outside rail? A. No, sir. Q. When did you next see the street car? A. I saw it when it hit me. Q. Then, you didn't see it from the time you saw it 300 to 400 feet away until it hit you? A. Well, I wasn't paying any attention. Q. Well, answer my question: Did you see it after you saw it the first time 300 or 400 feet away until after the collision? A. No, sir."

"It is the duty of an operator, when driving a car over a double line of tracks, to look for the approach of cars at the entrance of each track before attempting to cross it": *Kilpatrick v. Phila. Rapid Transit Co.,* 290 Pa. 288, 293, 138 A. 830. " 'The rules as to the superior right of the street cars to the use of the street and the duty imposed on pedestrians and drivers of

vehicles about to cross the tracks have been frequently expressed. It is the imperative duty of the driver to look just before he brings his [vehicle] in the path of the moving car and if he fails in this particular and an accident results, his negligence will prevent a recovery' ...... The operator of a vehicle about to cross a street railway track is not only required to look before entering the track, but he must have his car under such control that he can stop it if an emergency arises. Otherwise, the look is of no avail"; *Goldfine & Brenner, Inc. v. P. R. T.,* 119 Pa. Superior Ct. 581, 582, 583, 181 A. 514.

The testimony shows that from the time plaintiff made the turn to cross Liberty Avenue into Taylor Street, he made no further observation, in fact paid no attention to the progress of the oncoming street car, either when he entered upon the first or the second track. In thus blindly proceeding, he was guilty of contributory negligence.

Plaintiff inferentially argues that as part of the funeral procession he had the right of way. Undoubtedly, funeral processions are entitled to, and are generally accorded, respect and consideration in allowing them to proceed in a continuous procession; but we have been unable to find any authority which holds that they have the right of way to proceed as a single unit. The Motor Vehicle Code of 1929, as amended by the Act of June 22, 1931, P. L. 751 §2, 75 PS §§573-635 (Pk. Pt.), gives but three classes of vehicles, subject to certain conditions, the right of way over other vehicles; namely, police and fire department vehicles and ambulances. See *Oakley v. County of Allegheny,* 128 Pa. Superior Ct. 8, 193 A. 316. It may be conceded that the funeral procession having turned toward Taylor Street had acquired a superior right over the vehicles and the street car traveling westwardly, yet it did not relieve the individual drivers of the several units of the funeral procession from exercising ordinary care

under the circumstances. It was the duty of each driver to look before he entered upon each track. This plaintiff failed to do.

Judgment affirmed.