Griffith *v.* Mount Lebanon Heating and Roofing Company et al., Appellants.

Argued April 12, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Howard V. Heck,* for appellants.

*Donald C. Riedel,* with him *Beck, McGinnis and Jarris,* for appellee.

OPINION BY MONTGOMERY, J., June 15, 1960:

This is an action in trespass to recover the cost of repairs to plaintiff-appellee's automobile resulting from a collision with defendant-appellant company's truck then being driven by the individual defendant on defendant-appellant company's business.

The collision occurred at the intersection of Bower Hill Road and Painter's Run Road in Allegheny County on February 21, 1959, at approximately 10:30 a.m. The intersection of these two roads forms what is

commonly known as a "T" intersection. The weather was clear and the roads were dry.

Plaintiff was traveling in a southerly direction on Bower Hill Road across the bar of the "T" at a speed of 15 miles per hour as he approached the intersection, with his turn signals activated, indicating his intention to turn left into Painter's Run Road, that is, in an easterly direction down the leg of the "T". Plaintiff negotiated the left turn into Painter's Run Road, except for six or eight inches of his automobile still being on Bower Hill Road, when the left front of the defendant's truck and the right front of the plaintiff's automobile collided. The defendant's truck left skid marks 20 to 30 feet in length on Bower Hill Road.

Plaintiff recovered judgment against the defendant truck owner and the defendant driver, an employee of the truck owner, in a hearing before an alderman of the City of Pittsburgh. Defendants appealed to the County Court of Allegheny County, Pennsylvania; and, after a nonjury hearing, judgment was rendered for the plaintiff. Defendants filed exceptions to the Court's decision; and, after oral argument before the court en banc, defendant's exceptions were dismissed, from which action this appeal was taken.

Defendants' exceptions to the decision of the court below are based upon the contention that there was no evidence of negligence upon which to base legal liability in the defendants and that in any event plaintiff is barred from recovery by contributory negligence.

The burden of proving negligence is upon the plaintiff; it is not to be presumed from the happening of an accident. *Highway Express Lines, Inc. v. General Baking Co.,* 190 Pa. Superior Ct. 597, 155 A. 2d 450; *Schentzel v. Philadelphia National League Club,* 173 Pa. Superior Ct. 179, 96 A. 2d 181. In the instant case the court below found clear evidence that the plaintiff

was committed to the intersection and had practically completed passing through it when the collision occurred. He did not make a sudden left turn in the face of oncoming traffic. He proceeded under conditions that appeared sufficient to insure safe passage. The act of the individual defendant in driving the truck into and colliding with the plaintiff's vehicle under such circumstances was negligent conduct and was properly so found by the trial judge (BECK, J.).

The Vehicle Code, Act of May 1, 1929, P. L. 905, article X, §1013 as amended, 75 P.S. §572(b) provides: "The driver of a vehicle . . . approaching but not having entered an intersection, shall yield the right of way to a vehicle within such intersection or turning therein to the left across the line of travel of such first mentioned vehicle, provided the driver of the vehicle turning left has given a plainly visible signal of intention to turn as required in this act." In the instant case the plaintiff testified that when he signalled and began his turn to the left the defendant's truck was not in sight. It may reasonably be inferred that the defendant's truck was at that time hidden by the curve in the highway some two hundred feet away and that when the individual defendant completed rounding the curve where he was able to see the plaintiff, the plaintiff had activated his turn signals and commenced to make a left turn. From the facts as found by the lower court and the inferences raised thereby, a prima facie case of negligence has been established by the plaintiff.

Contributory negligence may be declared judicially only when so clearly revealed that fair and reasonable persons cannot disagree as to its existence. *O'Connor v. Philadelphia Suburban Transportation Company*, 362 Pa. 404, 66 A. 2d 818; *Claypool v. Schrecengost*, 181 Pa. Superior Ct. 1, 121 A. 2d 603.

The Vehicle Code does not require that a driver before turning left at an intersection must wait until

all approaching traffic come within range of his indicators. *Virden v. Hosler*, 387 Pa. 1, 127 A. 2d 110. This would also be true where no approaching vehicle was in sight. Whether the driver of a vehicle is justified in turning left across the opposite traffic lane depends upon the circumstances. It could be reasonably inferred that when the plaintiff commenced his turn the defendant's truck was not yet in view. Under the facts and justifiable inferences, we agree with the court below that the plaintiff could not be declared guilty of contributory negligence as a matter of law.

Judgment affirmed.