## Escher, Appellant, *v.* Pittsburgh Railways Company.

Argued November 15, 1960.   Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, Watkins, and Montgomery, JJ.

*Daniel M. Berger,* with him *Berger & Berger,* for appellant.

*Leo Daniels,* with him *Prichard, Lawler & Geltz,* for appellee.

OPINION BY WRIGHT, J., December 14, 1960:

Joseph R. Escher filed a complaint in trespass against Pittsburgh Railways Company seeking to recover damages for personal injuries resulting from an intersection collision between a laundry truck, which he was operating, and a trolley car of the defendant corporation. Defendant's motion for a compulsory nonsuit was denied, and a point for binding instructions was refused. The jury returned a verdict for the plaintiff. The defendant filed motions for a new trial, and for judgment n.o.v. The court en banc refused the motion for a new trial, but granted the motion for judgment n.o.v. Plaintiff has appealed. The factual situation appears in the following excerpt from the opinion below:

"On March 8, 1955, about 8:30 A.M., plaintiff drove the Sweet Clean Laundry truck out of the rear of the Sweet Clean plant on to Deary Street and proceeded south toward Lincoln Avenue. Lincoln Avenue runs east and west. Deary Street runs north and south. As Deary Street intersects Lincoln Avenue, it forms an acute angle with the northwest corner. Plaintiff drove the truck a short distance up Deary Street, intending to make a right turn on to Lincoln Avenue. He stopped five to six feet from the northern curb line of Lincoln Avenue because the traffic light regulating his movement south was red. The streets with which we are here concerned are regulated by four traffic lights. There is one light at the northwest corner of Deary Street and Lincoln Avenue; another east of

Deary Street and approximately north of Chaucer Street. There is a third light on the south side of Lincoln Avenue opposite Deary Street and a fourth one at the southeast corner of Chaucer Street.

"Mr. Wooster, traffic engineer of the City of Pittsburgh, testified that the two traffic lights on the north side of Lincoln Avenue are synchronized. They are both green, red or amber at the same time and these lights regulate the movement of traffic west on Lincoln Avenue. The two traffic lights on the south side of Lincoln Avenue are synchronized and they regulate the movement of traffic east on Lincoln Avenue . . .

"This accident happened on the eighth of March, 1955, about 8:30 in the morning. The plaintiff, Mr. Escher, testified that he was driving the laundry truck in a southerly direction down Deary Street toward its intersection with Lincoln Avenue, intending to make a right turn and go west on Lincoln Avenue. He testified that as he came to the intersection of Deary Street and Lincoln Avenue the traffic light on the south side of Lincoln Avenue was red. He stopped six feet from the curb. He then heard the man behind him, Mr. Solo, sound his horn. He looked up and the traffic light governing the turn from Deary Street on to Lincoln Avenue was green. He looked to his left. He said he could see approximately 350 feet to his left. He observed the street car 200 feet away. He was unable to say whether the street car was moving when he first observed it. Without looking again to the left, he proceeded to make the right turn on to Lincoln Avenue. When the left wheels of his truck were in the westbound track his truck was struck by the street car. The truck was driven into a parked automobile west of Deary Street. Mr. Escher was thrown to the floor and sustained certain injuries.

"Mr. Solo testified that he was driving his truck down Deary Street behind the plaintiff. He was ten to fifteen feet behind him. The plaintiff stopped because the light regulating the movement of traffic south on Deary Street was red. This light turned green; the plaintiff failed to move instantly and Mr. Solo blew his horn, whereupon the plaintiff started to make the right turn. At the same time [intending to turn east] Mr. Solo moved to his left. He testified that he observed the street car eighty to ninety feet away, coming at a speed of forty to forty-five miles an hour. He said the street car struck the laundry truck and drove it into the parked car".

The sole question presented by this appeal is whether appellant was guilty of contributory negligence as a matter of law. It is well settled that contributory negligence will be declared as a matter of law only where it is so clearly revealed that there is no room for fair and reasonable disagreement as to its existence: *McCune v. Ellenberger*, 182 Pa. Superior Ct. 442, 127 A. 2d 791; *Griffith v. Mt. Lebanon H. & R. Co.*, 192 Pa. Superior Ct. 405, 162 A. 2d 237; *Virden v. Hosler*, 387 Pa. 1, 127 A. 2d 110. In the words of Mr. Justice EAGEN in *Shuman v. Nolfi*, 399 Pa. 211, 159 A. 2d 716: "It is axiomatic that the question of contributory negligence should not be taken from the jury's consideration except in a clear case and only when reasonable minds would not legitimately differ as to the conclusion of its existence".

Viewing the evidence and inferences therefrom in the light most favorable to appellant, *Costello v. Fusco*, 191 Pa. Superior Ct. 641, 159 A. 2d 73, we are convinced that the court en banc erred in granting appellee's motion for judgment n.o.v. With but one exception, the cases cited in the opinion of the lower court concern factual situations in which traffic lights

were not involved. We emphasized the importance of this factor in *Galvin v. Einwechter,* 187 Pa. Superior Ct. 120, 144 A. 2d 471, wherein we said: "The difficulty with appellant's contention is that it fails to accord any significance whatever to the important circumstance that Galvin had entered the intersection with the traffic light in his favor". We held in that case that, while a motorist approaching a street intersection must always be vigilant, he cannot be held to the same high degree of care at an intersection with a traffic light giving him the right of way as at an intersection where there is nothing to regulate the right of way. In the words of Judge WOODSIDE in *Jordan v. Kennedy,* 180 Pa. Superior Ct. 593, 119 A. 2d 679: "He need not approach an intersection with a green traffic light quite so slowly, nor look so continuously for approaching traffic, first because he has a right to assume traffic on the intersecting street will stop for the red light and secondly because he must divide his attention between approaching traffic and the light . . . To hold that there is the same degree of care imposed upon a motorist with a favorable light as one without any right of way would thwart the purpose of traffic lights to facilitate the flow of traffic". No traveller on the highway is required to anticipate that other travellers will violate the law: *Gross v. Smith,* 388 Pa. 92, 130 A. 2d 90. See also *Taylor v. Mountz,* 387 Pa. 321, 127 A. 2d 730.

In the case at bar, the testimony of appellant and his witness, Solo, entirely fails to establish contributory negligence as a matter of law. Appellant stopped on Deary Street and waited for the traffic light to change from red to green. When it changed, Solo blew his horn and, as to what happened thereafter, appellant testified as follows: "A. I put my truck in gear, took a look to my left and took a look down

Chaucer Avenue and started out onto Lincoln Avenue . . . Q. When you looked to your left along Lincoln Avenue did you see anything? A. I saw a street car a couple hundred feet up to my left . . . Q. When you saw this green light and the street car close to 200 feet up Lincoln Avenue to your left, what did you do? A. I didn't do anything. I took a look down Chaucer Avenue and made a right-hand turn . . . Q. What happened as you were making this turn or after you made the turn? A. I wasn't—I was almost through my turn and the next thing I knew it was just like the truck blew up. There was a terrific crash and after that it was pretty much of a blank to me".

The court en banc placed great weight upon the fact that appellant looked only once before entering the intersection. Apparently, the court was led astray by our ruling in *Widson v. Philadelphia Rapid Transit Co.*, 113 Pa. Superior Ct. 168, 172 A. 164 (the only case cited involving traffic signals). In that case the plaintiff looked to both left and right before entering the intersection. She proceeded across the first of two tracks and was struck by a street car coming from her right as she crossed the second track. This court held that she was contributorily negligent if she did not look a second time before crossing the second track, and sent the case back for re-trial to determine this fact. It is obvious that the *Widson* case does not control the case at bar. Appellant was not encroaching upon the second, or eastbound track. He did look to his left before entering the intersection and turning down the west bound track. His testimony placed the trolley at that time east of and beyond both red traffic signals.

In the words of Mr. Justice, now Chief Justice, JONES in *Zurcher v. Pittsburgh Railways Co.*, 353 Pa. 212, 44 A. 2d 581: "There is nothing in the evidence

from which a court could conclusively find as a matter of law that the plaintiff exercised his right of way carelessly". While motorists must look for approaching street cars and have their vehicles under control, there is no fixed duty on them to stop before crossing over trolley tracks: *O'Connor v. Philadelphia Sub. Transp. Co.*, 362 Pa. 404, 66 A. 2d 818. A driver of a motor vehicle may not proceed blindly in reliance upon his right of way, but if he has the right of way and sees an approaching automobile or street car giving no indication that it will not yield to his superior right, he is not negligent in proceeding upon that assumption: *Balkie v. Philadelphia Rapid Transit Co.*, 331 Pa. 93, 200 A. 52.

Appellee relies on such cases as *MacDougall v. Chalmers*, 192 Pa. Superior Ct. 401, 162 A. 2d 51, and *Perpetua v. Phila. Transportation Co.*, 380 Pa. 561, 112 A. 2d 337, which stand for the proposition that "a man may not say he looked and did not see when the danger is apparent". This argument is not persuasive in view of appellant's positive testimony that he looked and did see the street car 200 feet away. Appellee attempts to bolster the argument by pointing to the testimony of appellant's witness, Solo, that when he observed the street car it was 80 or 90 feet away and moving at a speed of 40 or 45 miles an hour. But it is important to note that this was the situation, not when appellant was at the curb line of Lincoln Avenue, but after appellant had entered Lincoln Avenue to make the turn to his right. In the interval, Solo had moved his car to the curb line of Lincoln Avenue preparatory to making his turn to the left. "Q. At the time when you first saw the street car where was the Sweet Clean Laundry truck? A. He started to make his turn from Deary Street into Lincoln Avenue. Q. Well was he already onto Lincoln Avenue? A. He

was good ways around the turn there. Yes, he was on Lincoln Avenue".

The court en banc also attempts to cast doubt upon appellant's statement that the street car was 200 feet away when he saw it. This was clearly for the jury: *Smith v. Flannery*, 383 Pa. 526, 119 A. 2d 224. Appellant's uncontradicted testimony indicates that, at the time he saw the street car, there was nothing significant about its speed. He was even unable to say whether it was in motion at the time. There was no evidence whatsoever to indicate that appellant knew or should have known that the street car would not stop at the intersection. His attention then was upon completing his turn. "But after you make your turn you concentrate everything on the right-hand turn so you don't go into the other lane coming up too. It is a difficult turn with the truck".

In summary, it is our view that Judge Soffel was correct in submitting the issue of appellant's contributory negligence to the jury. As stated in her charge: "And I would also say to this jury that if he drove into the intersection when the street car was 200 feet away, that in itself would not convict him of negligence". The jury necessarily found that appellant was justified in acting on the assumption that the street car would observe the traffic signals. It follows that the court en banc should not have disturbed the verdict.

Judgment reversed and here entered for appellant on the verdict.